IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angel Miller, and Steven Vanness, *et al*.      :

        Plaintiffs,      :      Case No. 2:22-cv-2210
                      Judge Sarah D. Morrison
                      Magistrate Judge Kimberly A. Jolson

vs.      :

United Debt Settlement, LLC, *et al*.      :

        Defendants,      :

## RENEWED MOTION FOR CLASS CERTIFICATION

      Now come Plaintiffs, by and through undersigned counsel, and, pursuant Fed. R. Civ. P. 23,

hereby move this Court for an Order certifying the proposed class as outlined in its Class Action

Complaint.

Respectfully submitted,

*/s/ Brian M. Garvine*
Brian M.  Garvine (0068422)
Law Office of Brian M. Garvine, LLC
533 South Third Street
Columbus, Ohio 43215
brian@garvinelaw.com
*Attorney for Plaintiffs*

*/s/ Jeremiah E. Heck*
Jeremiah E. Heck (0076742)
Luftman Heck & Associates, LLP
6253 Riverside Drive, Suite 2
Dublin, Ohio 43017
jheck@lawLH.com
*Attorney for Plaintiffs*

# TABLE OF CONTENTS

I.     **INTRODUCTION**………………………………………………………………...1

     A.  RULE 55(a)…..………………………………………………………………...1

II.    **RELEVANT FACTS**…………………………….……………………………..1

III.   **LAW AND ANALYSIS**……………………………………………………………2

     A.  Default Motion Procedure……………………………………………………2

IV.   **ARGUMENT**…………………………………………………………………...4

     A.  The Four Prerequisites of Rule 23(a) Are Satisfied………………………………4

          1.  The Class is So Numerous That Jointer Is Impracticable……………………..4

          2.  There Are Numerous Common Questions of Law and Fact…………………..5

          3.  Plaintiffs' Claims Are Typical Of Those Of the Class………………………...6

          4.  The Proposed Class Representatives Will Fairly And Adequately Protect The Interests Of The Class……………………………………………………...8

     B.  Fed. R. Civ. Pro. 23(B) Options……………………………………………...9

          1.  Predominate…………………………….....................................10

          2.  Superiority…………………………………………………………11

     C.  Plaintiffs' Co-Counsel Should Be Appointed Co-Counsel On Behalf of The Class……………………………………………………………13

V.    **CONCLUSION**…………………………………………………………...14

**Cases**

*Hartman v. Lowry*, No. 4: 20-cv-2752, 2021 U.S. Dist. LEXIS 67877, 2021 WL 1246864, at *8 (N.D. Ohio Mar.26, 2021……………………………………………………………………………….2

*Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc,* 2021 U.S. LEXIS 161258, *4 (FN1)………………………………………………………………….2,3

*Heinz v. Dubell Lumber Co.,* No. 19-8778, 2020 U.S. Dist. LEXIS 36184, 2020 WL 1030785, at *1 (D.N.J. Mar 30, 2020)…………………………………………………….2

*Toler v. Glob, Coll. of Nat. Med.,* No. 13-10433, 2015 U.S. Dist. LEXIS 46907, 2015 WL 1611274, at *3 (E.D. Mich. Apr. 10, 2015)……………………………………………….2

*Lap Distribs., Inc. v. Glob Contract-Int'l Publ'g Corp.,* No. 19-6317, 2020 U.S. Dist LEXIS 57672, 2020 WL 1616505, at *2 (D.N.J. Apr 1, 2020)……………………….……..2

*Cortes v. Nat'l Credit Adjusters, LLC,* No. 2:16-00823, 2017 U.S. Dist. LEXIS 121940, 2017 WL 3284797, at *2 (E.D. Cal. Aug 2, 2017)………………………………… 3

*Barnett v. E-Waste Systems, Inc.* No. 1:14-cv-908, 2015 U.S. Dist. LEXIS 50997, 2015 WL 1757302, AT *3 (S.D. Ohio Apr. 17, 2015)………………………………. 3

*Antoine v. Atlas Turner, Inc.,* 66F.3d 105, 110 (6th Cir. 1995)………………………….. 3

*Juan Canizales Conde v. City Compassionate Caregivers, Inc.,* No. CV-20-5302, 2020 U.S. Dist. LEXIS 253363, 2020 WL 9259837, at *2 (C.D. Cal. Nov. 10, 2020)………………………………………………………………………….. 3

*Jackson v. Paycron, Inc.,* No. 8:19-CV-00609, 2019 U.S. Dist. LEXIS 80325, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019)………………………………………. 3

*Trollinger v. Tyson Foods, Inc.,* 2006 WL 2924938, *4 (E.D. Tenn. 2006)……………... 4

*Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Co.,* 29F.Supp.2d825, 830 (N.D.Ohio 1998)………………………………………………………………….. 4

*Thompson v. Community Ins. Co.,* 213 F.R.D. 284, 291 (S.D. Ohio 2002)……………… 4

*Meznarich v. Morgan Waldron Ins. Management, LLC,* 2011 WL 4634021, *8 (N.D. Ohio 2011)……………………………………………………………………….4

*Gasperoni v. Metabolife, Intern. Inc.,* 2000 WL 33365948, *8 (E.D. Mich. 2000)……….4

*Humphrey v. Stored Value Cards,* 2018 WL 6011052, * (N.D. Ohio 2018)…………….4

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds,* 568 U.S. 455, 466 (2013) …………4

*Pund v. City of Bedford, Ohio, 2017 WL 3219710 (N.D. Ohio 2017)*……………………5

*Walmart Stores, Inc. v. Dukes, 564 U.S. 338, 350-351 (2013)*……………………………5

*Whirlpool Corp. Front-Load Washer Prod. Liab. Litig, 722 F.3d 838, 853 (6th Cir. 2013)*……………………………………………………………………………………5

*Sprague v. General Motors Corporation, 133 F. 3d 388, 397 (6th Cir. 1998)*…………5

*Jammal v. American Family Ins. Group, 2016 W.L. 815576 (N.D. Ohio 2016)*……….5

*Edwards v. McCormick, 196 F.R.D. 487 (S.D. Ohio 2000)*……………………………5

*Mann v. Acclaim, 232 F.R.D. 278 (S.D. Ohio 2003)*……………………………………5

*Newberg on Class Actions, § 3.10; in re American Medical Systems, Inc., 75 F.3d 1069, 1080 (6th Cir. 1996)*…………………………………………………………6

*Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)*…………………………6

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp. 917 F.2d 1171, 1175 (9th Cir. 1990)*……………………………………………………………………………7

*Parsons v. Ryan, 754 F.3d 657, 685 (9th Cir. 2014)*………………………………………7

*Patel v. Trans Union, LLC, 308 F.R.D. 292, 306 (N.D. Cal. 2015)*……………………7

*Young, supra, 693 F.3d at 537-538, citing 5 James W. Moore et al., Moore's Federal Practice § 23.21(1) (Matthew Bender 3d ed. 1997)*……………………………7

*Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d 67, 71-73 (1998)*…………………………7, 8

*Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 623 (1997)*……………………………10

*Tyson Foods, Inc. v. Bouaphekeo, 136 S. Ct. 1036, 1045 (2016)*………………………10

*Rockey v. Courtesy Motors, Inc., 199 F.R.D. 578, 588 (W.D. Mich. 2001)*…………10

*Murray v. GMAC Morg. Corp., 434 F.3d 948, 952-53 (7th Cir. 2006)*………………11

*Ashby v. Farmers Ins. Co. of Oregon, 592 F. Supp. 2d 1307, 1318 (D. Or. 2008)*.. 11

*Powers v. Hamilton County Pub. Defender Com'n, 501 F.3d 619 (6th Cir. 2007)*…12

*Pavlov v. Continental Casualty Co., 2009 WL 10689011, \*6 (N.D. Ohio 2009)*……12

*Cardizen, 218 F.R.D. at 530 (quoting Granada Invs., Inc. v. DWG Corp., 962 F.2d 1203, 1205 (6th Cir. 1992)*…………………………………………………12

*Todd S. Elwert, supra, \*3*…………………………………………………………..12

*Consol. Mort. Satisfaction Case, 97 Ohio St.3d 465, 470 (2002)*…………………13

*Upshaw v. Georgia (GA) Catalog Sales, Inc., 206 F.R.D. 694, 701-701 (M.D. Georgia 2002)*……………………………………………………………13

*Castano v. American Tobacco Co., 84 F.3d 734, 740 (5th Cir. 1996)*……………13

*Blasi, et al v. United Debt Services, Inc., et al*………………………………………13

*Hopper v. Credit Associates, LLC*…………………………………………………..14

**Statutes**

Fed. R. Civ. P. 23………………………………………………………………3, 4, 8, 14

Fed. R. Civ. P. 55……………………………………………………………………….2

Fed. R. Civ. P. 55(a)……………………………………………………………………1

Fed. R. Civ. P. 23(a)…………………………………………………………4, 5, 7, 9

Fed. R. Civ. P. 23(a)(1)…………………………………………………………………5

Fed. R. Civ. P. 23(a)(2)…………………………………………………………………5

Fed. R. Civ. P. 23(a)(3)…………………………………………………………………6

Fed. R. Civ. P. 23(a)(4)…………………………………………………………………8

Fed. R. Civ. P. 23(b)……………………………………………………………………9

Fed. R. Civ. P. 23(B)……………………………………………………………………9

Fed. R. Civ. P. 23(B)(3)……………………………………………………………11, 12

Fed. R. Civ. P. 23(g)(1)………………………………………………………………..13

## I.    <u>INTRODUCTION</u>

On November 17, 2022, Plaintiffs obtained Default Judgment against Defendants United Debt Settlement, LLC ("UDS") and Everything Is In Stock, LLC ("Everything") pursuant to Fed. R. Civ. P. 55(a).  On January 17, 2023, Plaintiffs obtained Default Judgment against Defendant Gabriel Gorelik ("Gorelik") pursuant to Fed. R. Civ. P. 55(a).  Plaintiffs have not yet filed a Motion for Default Judgment against UDS, Everything and Gorelik because a Class must be Certified before moving for Default Judgment against Defendants on behalf of the entire Class.

Plaintiffs filed their Motion to Certify Class on May 22, 2023. This Court denied the Motion to Certify on January 5, 2024 without prejudice to re-filing. Plaintiffs, after addressing the Court's concerns with regard to the class definition and ascertain ability, now file the Renewed Motion for Class Certification.

## II.   <u>RELEVANT FACTS</u>

All named Defendants engaged in a scheme to obtain and use protected consumer reporting data to market debt settlement and credit repair services via mailers directed to Plaintiff Angel Miller ("Miller") and Steven Vanness ("Vanness") in the State of Ohio.  (Complaint ¶ 14).  To that end, United, through an authorized agent, compiled or directed an agent to compile a "pre-screened list" containing the names and addresses of consumers in financial distress.  (Complaint ¶ 15).  United obtained and used these pre-screened lists containing the names and addresses of consumers who met certain criteria such as minimum debt balances or high interest rates, etc.; Miller and Vanness were on at least two of these lists.  (Complaint ¶ 16).

These lists are compiled by a consumer reporting agency using the filters supplied to the consumer reporting agency by United's marketing agent.  (Complaint ¶ 17).  The lists constitute consumer reports under the FCRA.  (Complaint ¶ 18).  United then arranged for the preparation and

mass mailing of marketing letters to the consumers on the pre-screened lists obtained from the consumer reporting agency. (Complaint ¶ 19).

United and its co-defendants did not offer a firm offer of credit to Ohio consumers it sent to Vanness template solicitation. (Complaint ¶ 20). United and its co-defendants never intended to honor the purported firm offer of credit it sent to Ohio consumers, including the sham firm offer of credit sent to Miller. United used these solicitations for the sole purpose of marketing debt settlement. (Complaint 21).

## III.  LAW AND ANALYSIS

### A.  Default Motion procedure.

The Northern District recently outlined the Default Judgment procedure with respect to a class action:

> Plaintiff has not yet filed a Motion for Default Judgment against Defendant because the class must be certified prior to moving for default judgment against Defendant on behalf of the entire class. Plaintiff has nonetheless completed the requisite first step under *Fed. R. Div. P. 55(a)* of obtaining an entry of default by the clerk. *See, e.g., Hartman v. Lowry, No. 4: 20-cv-2752, 2021 U.S. Dist. LEXIS 67877, 2021 WL 1246864, at \*8 (N.D. Ohio Mar. 26, 2021)* ("Securing a default judgment is a two-step process under *Fed. R. Civ. P. 55*. First, under subsection a . . . . the clerk must enter the party's default.") (emphasis omitted).

*See, Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc.,* 2021 U.S. LEXIS 161258, \* 4, (FN1).

The Clerk's entry of Default Judgment is not a barrier to certification of the proposed class:

> As an initial matter, the Court notes that "the Clerk's entry of default in this case is no barrier to certification of the Plaintiff's proposed class." *Heinz v. Dubell Lumber Co., No. 19-8778, 2020 U.S. Dist. LEXIS 36184, 2020 WL 1030785, at \*1 (D.N.J. Mar 30, 2020). See also Toler v. Glob, Coll. of Nat. Med., No. 13-10433, 2015 U.S. Dist. LEXIS 46907, 2015 WL 1611274, at \*3 (E.D. Mich. Apr. 10, 2015)* ("In cases where a Defendant has failed to appear, a Clerk's entry of default has not been held to prevent the Court from considering whether to certify a class prior to the entry of a default judgment against a Defendant.") (citations omitted); *Lap Distribs., Inc. v. Glob Contract-Int'l Publ'g Corp., No. 19-6317, 2020 U.S. Dist. LEXIS 57672,*

*2020 WL 1616505, at \*2 (D.N.J. Apr. 1, 2020); Cortes v. Nat'l Credit*

*Adjusters, LLC, No. 2:16-00823, 2017 U.S. Dist. LEXIS 121940, 2017 WL 3284797, at \*2 (E.D. Cal. Aug 2, 2017).* As another Court in this District recently explained:

> A Clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely. To that end, certification under *Rule 23* remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of *Federal Rule of Civil Procedure 23* have been met.

*See, Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc.,* 2021 U.S. LEXIS 161258, \* 4.

In terms of class certification, because Defendants have defaulted, the factual allegations in Plaintiffs' Complaint are deemed true except as it relates to damages. Several courts have indicated this includes the pre-requisites for class certification:

> Because the Defendant has defaulted, "the factual allegations in the complaint, except those related to the amount of damages, are deemed true." *Barnett v. E-Waste Systems, Inc. No. 1:14-cv-908, 2015 U.S. Dist. LEXIS 50997, 2015 WL 1757302, at \*3 (S.D. Ohio Apr. 17, 2015)* (citing *Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995)*). Moreover, several courts have held that "this doctrine extends to specific allegations relating to the prerequisites for class certification under Federal *Rule 23." Lehman, 2019 U.S. Dist. LEXIS 230289, 2019 WL 8405591, at \*1. See also Juan Canizales Conde v. City Compassionate Caregivers, Inc., No. CV-20-5302, 2020 U.S. Dist. LEXIS 253363, 2020 WL 9259837, at \*2 (C.D. Cal. Nov. 10, 2020)* ("'A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating to the prerequisites for class certification under Federal *Rule 23*.") (quoting *Jackson v. Paycron, Inc., No. 8:19-CV-00609, 2019 U.S. Dist. LEXIS 80325, 2019 WL 2085430, at \*2 (M.D. Fla. May 13, 2019)*).

> Accordingly, the Court will proceed to consider Plaintiff's Motion for Class Certification, below.

*See, Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc.,* 2021 U.S. LEXIS 161258, \* 4-\* 5.

#### IV.    ARGUMENT

##### A.  The four Prerequisites of Rule 23(a) Are Satisfied

Rule 23(a) sets out four threshold requirements for class certification: (1) the class must be so numerous that joinder is impractical; (2) there must be questions of law or fact common to the class; (3) the claims of the representatives must be typical of the claims of the class; and (4) the representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiffs meet each of these Rule 23(a) prerequisites for class certification.

Regarding these criteria, "**When evaluating whether to certify the class, the district court must take allegations of plaintiffs as true,** with any doubts resolved in favor of certification." *Trollinger v. Tyson Foods, Inc.,* 2006 WL 2924938, *4 (E.D. Tenn. 2006) (emphasis added), citing *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Co.,* 29F.Supp.2d825, 830 (N.D.Ohio 1998); see also *Thompson v. Community Ins. Co.,* 213 F.R.D. 284, 291 (S.D. Ohio 2002) ("The district court must take the allegations of plaintiffs as true.").  Furthermore, the Northern District has stated that although "the Court must undertake a 'rigorous analysis' in certifying a class… 'any doubts as to certification should be resolved in the favor of Plaintiffs.'" *Meznarich v. Morgan Waldron Ins. Management, LLC,* 2011 WL 4634021, *8 (N.D. Ohio 2011), citing *Thompson,* supra; see also *Gasperoni v. Metabolife, Intern. Inc.,* 2000 WL 33365948, *8 (E.D. Mich. 2000) ("any doubts concerning the property of a class certification should be resolved in favor of upholding the class").

In making the determination regarding certification, "Courts should consider the merits in so far as 'they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'"  *Humphrey v. Stored Value Cards,* 2018 WL 6011052, * (N.D. Ohio 2018), citing *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds,* 568 U.S. 455, 466 (2013).

##### 1.  The Class Is So Numerous That Joinder Is Impracticable

To be certified, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1).In practice, evidence of more than forty potential class member satisfies this numerosity requirement. *Humphey, *3, citing Pund v. City of Bedford, Ohio,* 2017 WL 3219710 (N.D. Ohio 2017), *quoting* Newberg on Class Actions § 3:12 (5th ed. 2017); see also *Todd S. Elwert, supra* ("Elwert's complaint alleges that the defendants sent the Fax Ad and other unsolicited faxes to more than forty other persons").

Here, Plaintiffs alleged Defendants illegally accessed the consumer reports of tens of thousands of financially distressed Ohio consumers. Joinder of that many individuals from the State of Ohio is impracticable if not impossible. The class as defined by Plaintiffs, and as alleged in the Complaint, easily satisfy the numerosity requirement of Rule 23(a).

### 2. There Are Common Questions of Law and Fact

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Commonality is satisfied where a common contention is capable of class wide resolution, meaning "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Humphrey, supra. 3,* citing *Walmart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-351 (2013) & *In re. Whirlpool Corp. Front-Load Washer Prod. Liab. Litig,* 722 F.3d 838, 853 (6th Cir. 2013). Or, can a class-wide proceeding "generate common answers apt to drive the resolution of the litigation." *Id.*

The commonality test is not a demanding requirement. *Id.,* see also *Sprague v. General Motors Corporation,* 133 F. 3d 388, 397 (6th Cir. 1998). To establish commonality, the class needs to share only a *single* common issue. *Jammal v. American Family Ins. Group,* 2016 W.L. 815576 (N.D. Ohio 2016); *Edwards v. McCormick,* 196 F.R.D. 487 (S.D. Ohio 2000); *Mann v. Acclaim,* 232 F.R.D. 278 (S.D. Ohio 2003). The commonality test "is qualitative rather than quantitative, that is,

there need be only a single issue common to all members of the class." *Newberg on Class Actions,* § 3.10; *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996).

Here, Defendants engaged in a common course of conduct towards Plaintiffs and the absent class members by improperly obtaining and using their consumer reports without a permissible purpose to do so. Common questions of law and fact in this FCRA case include: (1) whether Defendants accessed and used Plaintiffs' and the absent class members consumer reports; (2) whether Defendants' policy of accessing credit reports was justified by a "permissible purpose" under the statute; (3) whether Defendants' intentional conduct in this regard constitutes "willful" conduct; and (4) whether Defendants' conduct constitutes a violation of the FCRA.

These questions apply to both Plaintiffs and all proposed class members, and whether Defendants' actions were justified by a permissible purpose under the FCRA will have the same answer for all class members. The commonality prerequisite is easily satisfied here.

### 3. Plaintiffs' Claims are Typical of those of the Class

Previously, Plaintiffs proposed a class definition as well as numerous sub-classes. The sub-classes likely confused the matter rather than the intended goal of making the classes easier to identify and administer. As such, Plaintiffs propose the Court adopt the following class definition:

> **Ohio citizens on the prescreened lists Defendants obtained, either directly or through an agent, from May 1, 2017 to the present for an impermissible purpose.**

Rule 23(a)(3) requires that the class representatives' claims or defenses must be "typical" of the claims or defenses of the class. Typicality is satisfied where the plaintiffs' claims are "reasonably co-extensive" with absent class members' claims—they need not be "substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). To put it differently, typicality is established where the class was injured through an alleged

common practice. *Id.; Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.* 917 F.2d 1171, 1175 (9th Cir. 1990). Rule 23(a)'s typicality and adequacy requirements present 'permissive standards' that do not pose a particularly high bar to class certification. *Parsons v. Ryan,* 754 F.3d 657, 685 (9th Cir. 2014). Typicality is established in an FCRA class where a plaintiff brings the same FCRA claim that will be advanced by the class. *Patel v. Trans Union, LLC,* 308 F.R.D. 292, 306 (N.D. Cal. 2015).

Here, Plaintiffs and their FCRA claims are the same as that of all other class members. The harm suffered is likewise identical to the harm suffered by all class members, in that their statutory entitlement to maintaining the privacy of their personal and financial information was violated by Defendants. All class members, by definition, had their consumer credit reports accessed by Defendants to be placed on a prescreened list. Further, Plaintiffs alleged throughout the Complaint that Defendants only used these prescreened lists for the impermissible purpose of marketing debt settlement services. These allegations now must be taken as true. As such, any Ohioan on a prescreened list obtained by Defendants would have the exact same FCRA claim as the proposed class representatives.

A possible concern to class certification related to the "typicality" requirement is "ascertain ability." As cited by the Northern District court, ascertain ability means that "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Humphrey, supra,* *5, quoting *Young, supra,* 693 F.3d at 537-538, *citing* 5 James W. Moore et al., Moore's Federal Practice § 23.21(1) (Matthew Bender 3d ed. 1997).

Every class action requires some determination of whether any particular individual, or any potential class member, is truly in or out of the class. This implied requirement of certification simply means that "the class is objectively defined." *Id.*; see also *Hamilton v. Ohio Sav. Bank,* 82

Ohio St.3d 67, 71-73 (1998) (Regarding Ohio's equivalent Civ.R. 23, the Ohio Supreme Court held that a definition is sufficiently definite when permits identification of class members with "a reasonable effort" and "the court need only look to the actions or practices of defendant to determine whether an individual is a member of the class."

In the case at bar, Plaintiff proposes a class for certification defined as "Ohio citizens on the prescreened lists Defendants obtained, either directly or through an agent, from May 1, 2017 to the present for an impermissible purpose."

Indeed, this class definition is limited in number and by time. Moreover, it is specific and clear, such that the parties and the Court can readily determine from Defendants' practices, its records, and the records of any of Defendants' agents, whether a particular individual is a member of each class.

In practice, consumer reporting agencies such as Experian, TransUnion and Equifax provide the prescreened lists at issue to companies that have a permissible purpose such as making a firm offer of credit or insurance. However, as alleged in the Complaint, Defendants' sole purpose for obtaining and using prescreened lists was for an impermissible purpose, and in fact, Defendants could not legally fund a loan as deceptively offered in the solicitations attached to the Complaint at issue in this case. Stated differently, every Ohioan on a prescreened lists obtained by Defendants would have suffered the exact same FCRA violations, damages and/or injuries. Plaintiffs therefore satisfy the typicality requirement.

### 4. The Proposed Class Representatives Will Fairly and Adequately Protect the Interests of the Class.

Fed. R. Civ. Pro. 23(a)(4) provides that "the representative parties will fairly and adequately protect the interest of the class." This *adequacy* requirement necessitates that a class representatives have interest in common with the class and that the representatives appear willing to vigorously

8

prosecute the class interests. *Humphrey, supra,* *4-5. This element also "serves to uncover conflicts" between the class representatives and the class. *Young, supra,* 683 F.3d at 543. Adequacy applies to both lead plaintiffs and their counsel. *Humphrey, supra,* *4-5.

Regarding the adequacy of a class representative, Plaintiffs' interests are common to the class as described herein. Plaintiffs' Complaint evidences a desire to prosecute the class interests. Plaintiffs have no relationship with Defendants, except as the lead Plaintiffs in this action. Further, there is nothing in the record that suggests that Plaintiffs' interest conflict at all with the class or the attorneys. Plaintiffs' interests are antagonistic to Defendants, allowing them to vigorously pursue the claims of the class, and to prosecute Defendants for their unlawful acts. Consequently, Plaintiffs will be adequate class representatives. Accordingly, the adequacy requirement is satisfied with respect to Plaintiffs.

### B. Fed. R. Civ. Pro. 23(B) Options

In addition to the requirements for certification under Fed. R. Civ. Pro. 23(a), the Court must find that one of three requirements under Fed. R. Civ. Pro. 23(b) exist to certify a class:

A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

9

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D) the likely difficulties in managing a class action.

Here, certification under Fed. R. Civ. Pro. 23(B)(3) is proper, because common issues *predominate* over individual issues and proceeding as a class action is the *superior* method of adjudication.  *Jammal, supra,* 2016 WL 815576, *6; *Humphrey, supra,* 2018 WL 6011052, *6-8.

### 1.   <u>Predominance</u>

Class claims are predominant when they are "sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 623 (1997); *Tyson Foods, Inc. v. Bouaphekeo,* 136 S. Ct. 1036, 1045 (2016).  This requirement is met where the common issues "are more prevalent or important than the non-common, aggregation defeating, individual issue."  *Id.* Predominance does not require finding that individual issues do not exist, but a court must weigh the relevant importance of individual and common issues.  *Jammal, supra,* 2016 WL 815576, *6, citing *Rockey v. Courtesy Motors, Inc.,* 199 F.R.D. 578, 588 (W.D. Mich. 2001).

Here, there are no significant individual issues. The single most important issue in this case is whether or not Defendants had a permissible purpose to pull the Ohio consumers' credit reports. That question, and its answer to it, are both common to all putative class members. Further, this question and answer is entirely dependent on Defendants' conduct and does not depend on any

intent from any Ohio consumer or any other individual consideration.

Finally, the amount of damages per violation may also be determined on a class wide basis. Plaintiffs seek statutory damages, and thus causation and actual damages will simply not be an issue, much less a predominating issue. Because Plaintiffs seek statutory and punitive damages, no individual analysis of damages would be required. *See Murray v. GMAC Morg. Corp.,* 434 F.3d 948, 952-53 (7th Cir. 2006). In determining the amount of statutory damages to impose pursuant to the FCRA, courts have looked to "the importance, and hence the value, of the rights and protections" at issue in the case. *Ashby v. Farmers Ins. Co. of Oregon,* 592 F. Supp. 2d 1307, 1318 (D. Or. 2008).

All issues relevant to Plaintiffs' case and the class are the same. All issues revolve around what Plaintiffs allege was a common practice and standardized conduct engaged in by Defendants during the relevant time. The theory of liability based on Defendants' conduct is equally applicable to all class members and the statutory damages will be exactly the same. Therefore, predominance exists.

## 2.   Superiority

Superiority requires consideration of the four factors list in Fed. R. Civ. Pro. 23(B)(3): (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. *Humphrey,* *6. In this regard, proceeding as a class action is generally considered superior where "small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem, supra,* p. 617; see also *Hamilton, supra,* pp. 79-80 (the Ohio Supreme Court

has held similarly that a primary purpose Rule 23(B)(3) is to enable "numerous persons who have small claims that might not be worth litigating in individual actions to combine their resources and bring an action to vindicate their collective rights.").

Additionally, the Sixth Circuit has held that cases arising from an alleged "course of wrongful conduct" are particularly well-suited for class certification. *Young, supra,* 683 F.3d at 545, quoting *Powers v. Hamilton County Pub. Defender Com'n,* 501 F.3d 619 (6th Cir. 2007); see also *Pavlov v. Continental Casualty Co.,* 2009 WL 10689011, *6 (N.D. Ohio 2009).

In this regard, Judge Loi recently wrote:

> "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem,* 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992). Likewise, the public interest is served by enforcing the JFPA. Arguably, class actions are the only effective means to enforcing the JFPA because individual actions are unlikely. Therefore, the public interest factor weighs in favor of approving the settlement agreement.

*Todd S. Elwert, supra,* *3.

Applying these criteria here, individual class members would have little interest in pursuing separate actions, because of the small amount of potential damages available to each class member for violations of the FCRA. Also, considering the cost and these financial barriers to any law, class members are either resigned to do nothing, or perceive that their damages are in amounts, that, when taken individually, are too small to justify the expense of separate lawsuits. However, if their damages are aggregated, the amount at issue makes litigation feasible. These economic realities make proceeding as a class action the superior mechanism.

Regarding the second prong, Plaintiff knows of no pending competing litigation.

Regarding the third prong, the desirability of concentrating litigation in a single forum, the Ohio Supreme Court and federal courts have observed that a "class action is the preferable method for dealing with … a party's recurring malfeasance, because the ability to avoid duplicating a court's time, effort, and resources is an important and relevant consideration." *In Re Consol. Mort. Satisfaction Case,* 97 Ohio St.3d 465, 470 (2002); see also e.g. *Upshaw v. Georgia (GA) Catalog Sales, Inc.,* 206 F.R.D. 694, 701-701 (M.D. Georgia 2002); *Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996).  Based on this rationale, the third element is met:  This action is designed to correct Defendants' malfeasance and concentrating litigation would avoid duplicative use of the Court's time dealing with the same legal violation.

Finally, given the straightforward nature of the class claims at hand, there are no apparent difficulties encountered in the management of this class action beyond those typical of any action. Rather, because this case revolves around specific and extremely limited violations of the law, no class management problems are foreseeable or likely.  For these reasons' superiority exists.

### C.  Plaintiffs' Co-Counsel Should Be Appointed On Behalf Of The Class

Rule 23(g)(1) requires the Court to appoint class counsel. Plaintiffs request the Court appoint Jeremiah E. Heck of Luftman, Heck & Associates and Brian Garvine of Garvine Law as class counsel. They suffer from no conflicts of interest and have demonstrated a willingness to commit the necessary resources to the prosecution of this case.

Regarding class counsel, attorney Brian M. Garvine and the Law Office of Brian M. Garvine, LLC and Jeremiah Heck and Luftman, Heck & Associates, LLP, who are lead counsel, have extensive consumer and class action experience.  They have successfully litigated class action cases including, but not limited to:

*Blasi, et al v. United Debt Services, Inc., et al.*
United States District Court, Southern District of Ohio, Eastern Division
Case No.  2:14-cv-0083

13

*Hopper v. Credit Associates, LLC*
United States District Court, Southern District of Ohio, Eastern Division
Case No. 2:20-cv-522

Consequently, Plaintiffs request this Court appoint the proposed class counsel.

**V.**    **CONCLUSION**

Wherefore, Plaintiffs Angel Miller and Steven Vanness respectfully request that this Court

certify the class as defined above for class action treatment in accordance with Civ.R. 23 and

applicable case law.

Respectfully submitted,

*/s/ Brian M. Garvine*
Brian M.  Garvine (0068422)
Law Office of Brian M. Garvine, LLC
5 East Long Street
Suite 1100
Columbus, OH 43215
brian@garvinelaw.com
*Attorney for Plaintiffs*

*/s/ Jeremiah E. Heck*
Jeremiah E. Heck (0076742)
Luftman Heck & Associates, LLP
6253 Riverside Drive, Suite 200
Dublin, Ohio 43017
jheck@lawLH.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies on February 22, 2024 a true copy of the foregoing was filed electronically.  Notice of this filing will be sent by the court's mailing to:

Everything Is In Stock, LLC
Dba Elite Restaurant Equipment
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*

United Debt Settlement, LLC
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*

Gabriel Gorelik
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*

<u>*/s/ Brian M. Garvine*</u>
Brian M. Garvine  (0068422)
*Attorney for Plaintiffs*

15