UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGEL MILLER, *et al.*,

      Plaintiff,

v.

UNITED DEBT SETTLEMENT, LLC, *et al.*,

      Defendants.

:
:
:

Case No. 2:22-cv-2210
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Angel Miller and Steven VanNess filed this putative class action alleging violations of the Fair Credit Reporting Act ("FCRA") against United Debt Settlement, LLC; Everything is in Stock, LLC d/b/a Elite Restaurant Equipment; Marcel Bluvstein; and Gabriel Gorelik. After they were served with process, United Debt Settlement, Everything is in Stock, and Mr. Gorelik failed to answer or otherwise plead in response to the Complaint; the Clerk entered default against the three Defendants. (ECF Nos. 25, 41.) Plaintiffs failed to effect service on Mr. Bluvstein, so he was dismissed from the case without prejudice. (ECF Nos. 51, 52.)

As to the remaining Defendants (hereinafter, simply the Defendants), this matter is before the Court on Plaintiffs' Renewed Motion for Class Certification. (ECF No. 63.) For the reasons set forth below, the Motion is **GRANTED**.

**I.    STANDARD OF REVIEW**

Because the Defendants are in default, the Court begins with a discussion of the effect of that on the allegations raised in the Complaint. The Court will then

turn to the merits of Plaintiffs' pending motion.

### A. Defaulting Defendants

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule provides a two-step sequential process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). The clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…" *Id*. Second, the party must either request the Clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2). The determination of whether or not to grant a motion for default judgment is committed to the sound discretion of the court. *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55).

After an entry of default, the factual allegations in the complaint are taken as true as to liability. *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013) (citation omitted); *see also In re Family Resorts of Am., Inc.*, 972 F.2d 347 (6th Cir. July 24, 1992) (citation omitted) (Table) ("Upon entry of default, only those well-pleaded allegations relating to liability are taken as true."); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one

2

relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, a defendant is not deemed to have admitted conclusions of law and the entry of default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. Rather, the Court must still determine whether the facts alleged in the complaint "are sufficient to state a claim for relief as to each cause of action for which [plaintiffs] seek[ ] default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008); 10 A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). A court's determination of whether the plaintiff has sufficiently stated a claim is confined to the allegations in the complaint and there must be a sufficient basis in the pleadings for the judgment entered.

When plaintiffs are seeking to proceed on a class basis against a defaulting party, the class must be certified prior to moving for default judgment on behalf of the entire class. *Aleobua v. United Wellness Cmty., LLC*, No. 14-CV-12932, 2014 WL 6085692, at *1 (E.D. Mich. Nov. 13, 2014); *see Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc.*, 2021 WL 3808939, *1 fn. 1 (N.D. Ohio Aug. 26, 2021).

### B. Motion for Class Certification

It is the plaintiff's burden to establish the Rule 23 prerequisites for class certification. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722

3

F.3d 838, 851 (6th Cir. 2013). The plaintiff must prove that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). No class that fails to satisfy each Rule 23 prerequisite may be certified. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc).

In addition to satisfying each of the requirements of Rule 23(a), "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Plaintiffs in this case have elected to proceed under Rule 23(b)(3) under which a class action may be maintained if "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Rule 23(b)(3) classes must also meet an implied ascertainability requirement." *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). The "class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012).

When a defendant is in default, the factual allegations deemed admitted include any allegations in the Complaint that support the prequisites for class

4

certification. *See Coop. Med. Health Care Corp., P.A.*, 2021 WL 3808939, at * 2 (citing *Lehman v. Calls After Hours, LLC*, No. 1:18-CV-2601-SO, 2019 WL 8405591, at *2 (N.D. Ohio Aug. 16, 2019) (collecting cases)). Nevertheless, before certifying a class, a district court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met. *In re Am. Med. Sys. Inc.*, 75 F.3d 1069,1078–79 (6th Cir. 1996) (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162 (1982)). This "rigorous analysis" may well "entail some overlap with the merits of the plaintiff's underlying claims." *Dukes*, 564 U.S. at 351. "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, [will] not be overturned absent a showing of abuse of discretion." *Sterling v. Veliscol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. While the reviewing court should not "engage in free-ranging merits inquiries at the certification stage," merits questions still must be considered to the extent "relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

II.     ANALYSIS

Plaintiffs seek certification of the following class:

5

>Ohio citizens on the prescreened lists Defendants obtained, either directly or through an agent, from May 1, 2017 to the present for an impermissible purpose.

### A. The Class Definition

"Before delving into the 'rigorous analysis' required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class." *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004) (Marbley, J.). Important elements of defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner. *Id.*

Proper identification of the proposed class serves two purposes: it permits the Court to determine whether a class action is truly the most efficient way of trying the case; and it ensures that those individuals actually harmed by the defendants' wrongful conduct will be the recipients of the awarded relief. *Oshana v. Coca–Cola Co.*, 225 F.R.D. 575, 580 (N. D. Ill. 2005) (citing *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981)). The identities of the class members do not need to be specified for certification, but the proposed class must be sufficiently definite in order to demonstrate that a class actually exists. *Id.* "The class definition identifies the persons who are entitled to relief, bound by final judgment, and entitled to notice under Rule 23(b)(3). As such, it implicates substantial due process rights for both class members and the Defendants." G*ibbs Properties Corp. v. Cigna Corp.*, 196 F.R.D. 430, 442 (M. D. Fla. 2000).

6

A district court has discretion to redefine a class pursuant to Fed. R. Civ. P. 23(c)(1). *Lindsey v. Memphis-Shelby Cnty. Airport Auth.*, 229 F.3d 1150 (6th Cir. Aug. 15, 2000) (Table). Here, to align the class with the allegations in the Complaint and to ensure that all class members were harmed in the same particular way as the Named Plaintiffs, the Court redefines Plaintiffs' proposed class as follows:

> Ohio citizens on the prescreened lists Defendants obtained, either directly or through an agent, from May 1, 2017 to the present to market debt settlement and debt repair services.

With the class redefined, the Court turns to the requirements of Rule 23(a) and Rule 23(b).

### B. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable," a requirement that does not involve a "strict numerical test" as a "substantial number" of affected individuals are sufficient to satisfy the requirement. *In re Whirlpool Corp.*, 722 F.3d at 852. While there is no magic number, "[a]s a general guideline, however, a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder, while a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone." 1 Newberg and Rubenstein on Class Actions § 3:12 (6th ed.); *see also Kuchar v. Saber Healthcare Holdings LLC*, 340 F.R.D. 115, 120 (N.D. Ohio 2021).

Plaintiffs allege that Defendants illegally accessed the consumer reports of

7

tens of thousands of Ohioans. Therefore, the numerosity requirement is satisfied.

    **2.**     **Commonality**

Rule 23(a)(2) also requires "questions of law or fact common to the class." The purported class's claims must be based upon a "common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "What matters to class certification ... is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (citations omitted); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) ("named plaintiffs must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that that common answer relates to the actual theory of liability in the case.").

Plaintiffs allege that Defendants engaged in a common course of conduct by improperly obtaining and using Plaintiffs' and putative class members' consumer reports for the purpose of marketing debt settlement and debt repair services. Plaintiffs have identified four common questions of law and fact: (1) whether Defendants accessed and used Plaintiffs' and the absent class members consumer reports; (2) whether Defendants' policy of accessing credit reports was justified by a "permissible purpose" under the statute; (3) whether Defendants' intentional

8

conduct in this regard constitutes "willful" conduct; and (4) whether Defendants' conduct constitutes a violation of the FCRA. The commonality prerequisite is satisfied.

### 3. Typicality

Plaintiff also must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). According to the Sixth Circuit Court of Appeals, "[a] claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082). In other words, "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399 ("typicality requirement is not satisfied when a plaintiff can prove his own claim but not "necessarily have proved anybody's else's claim.").

The FCRA claims are the same for Plaintiffs and for the putative class members. The harm suffered – violations of the Plaintiffs' and class members' right to privacy of their personal and financial information when their consumer credit reports were improperly accessed by Defendants – is the same. Plaintiffs have met the typicality requirement.

### 4. Adequacy

The fourth prerequisite under Rule 23 requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class."

9

Fed. R. Civ. P. 23(a)(4). This involves two requirements: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Am. Med. Sys. Inc.*, 75 F.3d at 1083 (citations omitted).

Here, Plaintiffs have common interests with the proposed class, and it is clear that they will vigorously prosecute the interests of the class with qualified counsel. This requirement is satisfied.

### 5. Rule 23(b)(3) Requirements

Fed. R. Civ. P. 23(b)(3) requires that common questions exist within the class and that those common questions predominate over any individualized issues. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1084 (citing Newberg, supra, § 3-10, at 3-56). A plaintiff must also show that a class action is superior to individual lawsuits. Fed. R. Civ. P. 23(b)(3).

#### 1. Predominance

Plaintiffs first must demonstrate the common questions actually predominate over any individual issues. Fed. R. Civ. P. 23(b)(3). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id*. Here, there is one set of operative facts that would create liability to each potential class member, as evident in the definition of the class – Defendants admit by their default that they have pulled the putative class members' credit reports for the impermissible purpose of marketing debt services. And Plaintiffs seek statutory and punitive damages, so there is no need for

10

individualized analysis of damages. Thus, each class member will have experienced similar harm without a need for resolution of any particularized facts. The Court therefore finds common questions predominate over individual issues in this case.

### 2. Superiority

Plaintiffs must show that a class action is superior to individual litigation of the claims. Fed. R. Civ. P. 23(b)(3). In considering this standard, the Court should balance the merits of the class action in terms of fairness and efficiency.

As the Court has stated, the claims of each potential class member are virtually identical. Each Named Plaintiff and each putative class member were subject to the same wrongful conduct by Defendants. Consolidation of the claims in this case into a class action would serve efficiency and fairness.

### III. APPOINTMENT OF COUNSEL

The Court hereby appoints Jeremiah E. Heck of Luftman, Heck & Associates and Brian Garvine of Garvine Law as class counsel.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Renewed Motion for Class Certification (ECF No. 63) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**