IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Angel Miller, and Steven Vanness, *et al*. | : | |
| | | Case No. 2:22-cv-2210 |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| | | Magistrate Judge Kimberly A. Jolson |
| vs. | : | |
| | | |
| United Debt Settlement, LLC, *et al*. | : | |
| | | |
| Defendants, | : | |

### RENEWED MOTION TO PROCEED WITH CLASS DISCOVERY

Now come Plaintiffs, by and through undersigned counsel, and hereby move this Court for an Order permitting them to proceed with discovery in light of the Court's April 21, 2023 Order requiring Plaintiffs to file an application for Default Judgment. (Doc #: 55) Because Plaintiffs cannot proceed to file a Motion for Default Judgment after the Clerk makes an Entry of Default Judgment without jeopardizing the interests of the class it seeks to represent, Plaintiffs respectfully request an Order permitting them to conduct class discovery. On July 23, 2024, this Court granted Plaintiffs' renewed Motion for Class Certification.

### A.     RELEVANT FACTUAL & PROCEDURAL HISTORY

On May 19, 2022, Plaintiffs filed a Class Action Complaint and Request for Declaratory Relief and Jury Demand for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C., Section 1681b(f). Through its Class Action Complaint, Plaintiffs sought to represent a class of thousands of others who are likewise victims of Defendants' unlawful accessing of Plaintiffs' and class members' consumer reports for the illegal purpose of marketing debt settlement services.

On November 17, 2022, Plaintiffs obtained Default Judgment against Defendants United Debt Settlement, LLC ("UDS") and Everything Is In Stock, LLC ("Everything") pursuant to Fed. R. Civ. P. 55(a). On January 17, 2023, Plaintiffs obtained Default Judgment against Defendant Gabriel

1

Gorelik ("Gorelik") pursuant to Fed. R. Civ. P. 55(a).  Plaintiffs have not yet filed a Motion for Default Judgment against UDS, Everything and Gorelik because, as explained below, a class must be certified before moving for Default Judgment against Defendants on behalf of the entire class.  On July 23, 2024, this Court issued its Opinion and Order granting Plaintiffs' Renewed Motion for Class Certification.  Accordingly, at this time, Class Discovery is appropriate.

### B.  LAW AND ARGUMENT

Procedurally, a court should rule on class certification, allow discovery to identify class members, and only then entertain a motion for default judgment and damages.  *Whitaker v. Bennett Law, PLLC,* 2016 WL 4595520, *1 (S.D.Cal.).  "The Court must first determine whether class certification is appropriate before it may decide whether to enter a default judgment in favor of the entire class."  *Family Medicine Pharmacy, LLC v. Primed Pharmaceuticals, LLC,* 2016 WL 894141, *1 & fn. 1 (S.D.Ala.), quoting *Aleobua v. United Wellness Cmty., LLC,* 2014 WL 6085692, *1 (E.D. Mich.).

Thus, while a Motion for Default Judgment at this stage would preclude the Court from entering judgment in favor of the class as sought by Plaintiffs, conversely, the entry of default by the Clerk was a proper procedural step and allows the Court to continue determining issues in the case:

> As a threshold matter, the entry of default by the Clerk of the Court against Ji does not alter the Court's analysis for class certification.  Certification under Rule 23 remains a necessary procedural requirement in order for the Class to recover damages.  The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification."  *Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir.2003) (citing *Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974)).  As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper."  *Romney,* 490 F.2d at 1366.  In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages.  See *Partington v. Am Int'l Specialty Lines Ins. Co.,* 433 F.3d 334, 340 (4th Cir. 2006) (holding that class members could not use a default judgment to

> establish the class was judgment creditors when the district court never formally certified the class); *Hutchins,* 321 F.3d at 648-49 (holding that the district court improperly awarded class damages when no class had been certified).
>
> However, in cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant. See *Leider v. Ralfe,* 2003 WL 24571746, at *8-13 (S.D.N.Y. Mar. 4, 2003) (conducting class certification analysis following defendant's default and denying certification for failure to meet requirements of Rule 23); *Trull v. Plaza Assocs.,* 1998 WL 578173, at *1, 4 (N.D. Ill. Sept. 3, 1998) (denying without prejudice the certification of a class after defendant's default); *In re Industrial Diamonds Antitrust Litig.,* 167 F.R.D. 374, 376 n. 1, 386-87 (S.D.N.Y. 1996) (certifying a class against co-defendants after one defendant's default). An entry of default "does not change the fundamental analysis the district must undertake in deciding whether to certify the class." *Trull,* 1998 WL 578173, at *1.

*Skeway v. China Natural Gas, Inc.,* 304 F.R.D. 467, 472 (D.Del.2014).

In a putative class action where the Defendant fails to appear, the lead Plaintiff should first file a Motion for Certification and ask the Clerk for an Entry of Default, and only thereafter seeking a ruling for judgment on behalf of the class. As the court stated in *Skeway,* "As a policy matter, 'any other conclusion might give defendants an incentive to default in situations where class certification seems likely.'" *Id.,* quoting *Leider,* 2003 WL 24571746, at *8. Because this is the procedure that Plaintiffs are following, the Court should appropriately rule on its Motion for Class Certification and allow the case to proceed with discovery, prior to requiring Plaintiffs to file a Motion for Default Judgment.

The Northern District recently addressed these exact issues and found that allowing class discovery was appropriate assuming three factors are satisfied:

> Generally, a party may not initiate discovery before the parties have met and conferred pursuant to *Fed. R. Civ. P. 26(f)*. *See Fed. R. Civ. P. 26(d)(1)*. However, a court may authorize early discovery "for the parties' and witnesses' convenience and in the interests of justice." *Fed. R. Civ. P. 26(d)(3)*. *See also Obeidallah v. Anglin, No. 2:17-cv-720, 2018 U.S. Dist. LEXIS 140742, 2018 WL 8415412, at *1 (S.D. Ohio Aug. 20, 2018)* (noting

3

> that *"Rule 26(d)* vests the district court with discretion to order expedited discovery."). Courts typically require a party moving for early discovery to demonstrate good cause. *See id. See also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.")
>
> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1-15, No. 2:07-cv-450, 207 U.S. Dist. LEXIS 97283, 2007 WL 5254326, at \*2 (S.D. Ohio May 17, 2007). See also Obeidallah, 2018 U.S. Dist. LEXIS 140742, 2018 WL 8415412, at \*2.* "Courts consider several factors in determining if good cause exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Does 1-20, No. 1:16-cv-914, 2016 U.S. Dist. LEXIS 52919, 2016 WL 1588672, at \*2 (N.D. Ohio Apr. 20, 2016).* The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin, No. 2:10-cv-00314, 2010 U.S. Dist. LEXIS 55243, 2010 WL 1882139, at \*2 (S.D. Ohio May 11, 2010).*
>
> Courts have allowed limited, expedited discovery when failing to do so would substantially impact the case from progressing on the court's docket. *See, e.g., Antoine v. Boutle, No. 15-561, 2016 U.S. Dist. LEXIS 145459, 2016 WL 6138252, at \*3 (M.D. La. Oct. 20, 2016); Sheridan v. Oak Street Mortg., 244 F.R.D. 520 (E.D. Wis. 2007).* This includes situations where a defendant is in default and the plaintiff cannot pursue its claims, absent limited discovery to obtain information relevant to the issue of damages. *See, e.g., Sheridan, 244 F.R.D. at 522* (authorizing the plaintiff to seek limited discovery from defaulting defendant); *Cstechus, Inc. v. NorthernZone, LLC, No. 21-cv-00122, 2021 U.S. Dist. LEXIS 101689, at \*1 (S.D. Cal. May 28, 2021)* (allowing limited, expedited discovery regarding damages where defendant was in default); *Twitch Interactive, Inc. v. Johnston, No. 16-cv-03404, 2017 U.S. Dist. LEXIS 44863, 2017 WL 1133520, at \*2 (N.D. Cal. Mar 27, 2017)* ("Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages.")
>
> Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery. *See Obeidallah, 2018 U.S. Dist. LEXIS 140742, 2018 WL 8415412, at \*2* (citing *Lemkin v. Bell's Precision Grinding, No. 2:08-cv-789, 2009 U.S. Dist. LEXIS 126739, 2009 WL 1542731, at \*2 (S.D. Ohio June 2, 2009)).*

*See, Coop. Med. Health Care Corp., P.A. v. Medical Synergy, Inc.* 2021 U.S. Dist. LEXIS

161258, *22 -*24.

Here, this Court may recall, Defendants have actively avoided service. As a result, conducting class discovery is especially important because the relevant information easily could be lost or destroyed. And, conducting discovery will substantially contribute to moving the case forward because discovery is required to, among other issues, discover the class size and class members. The scope of the requested discovery includes, but is not limited to, the following information:

- The identity of Defendant United Debt Settlement, LLC's ("United") agent used to obtain and/or compile the pre-screened lists at issue;
- The identity of all Ohio consumers on the pre-screened lists;
- The identity of the Consumer Reporting Agency from which the pre-screened lists were obtained;
- The identity of all agents involved in obtaining the class members' pre-screened lists and all agents involved in preparation or dissemination of the mailers;
- All communication between Defendants and any of the aforementioned agents, including communications with the relevant Consumer Reporting Agency or Agencies.

Accordingly, Plaintiffs have demonstrated good cause to conduct class discovery with respect to the above-referenced issues.

Respectfully submitted,

/s/ Brian M. Garvine  
Brian M. Garvine (0068422)  
Law Office of Brian M. Garvine, LLC  
5 East Long Street  
Suite 1100  
Columbus, OH 43215  
brian@garvinelaw.com  
*Attorney for Plaintiffs*

/s/ Jeremiah E. Heck  
Jeremiah E. Heck (0076742)  
Luftman Heck & Associates, LLP  
6253 Riverside Drive, Suite 200  
Dublin, Ohio 43017  
jheck@lawLH.com  
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies on October 1, 2024 a true copy of the foregoing was filed electronically.  Notice of this filing will be sent by the court's mailing to:

Everything Is In Stock, LLC
 Dba Elite Restaurant Equipment
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*


United Debt Settlement, LLC
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*

Gabriel Gorelik
240 W. 37th Street, Suite 400
New York, NY  10018
*Defendant*

                                            */s/ Brian M. Garvine*
                                            Brian M. Garvine  (0068422)
                                            *Attorney for Plaintiffs*