UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGEL MILLER, *et al.*,

        Plaintiffs,    :

  v.                                       **Case No. 2:22-cv-2210**
                                              **Chief Judge Sarah D. Morrison**
                                              **Magistrate Judge Kimberly A. Jolson**

**UNITED DEBT SETTLEMENT, LLC**, *et al.*,    :

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Vacate Clerk's Entry of Default and Motion to Vacate Order Granting Plaintiffs' Renewed Motion for Class Certification (ECF No. 79).

For the reasons below, Plaintiffs' Motion (ECF No. 79) is **GRANTED**. The Clerk's Entries of Default (ECF Nos. 25, 41) are **VACATED**. The Court's Order Granting Plaintiffs' Renewed Motion to Certify Class (ECF No. 64) is **VACATED**. The Plaintiffs' Renewed Motion to Certify Class (ECF No. 63) is **DENIED**.

I.    **BACKGROUND**

Plaintiffs filed proof that a process server had successfully served Everything Is In Stock, LLC, United Debt Settlement, LLC (ECF Nos. 15, 16), and Gabriel Gorelik (ECF No. 35) in late 2022. None of Defendants appeared in the action, so Plaintiffs applied for and were granted entries of default against them. (ECF Nos. 25, 41.)

Thereafter, Plaintiffs filed a Renewed Motion to Certify Class, which the Court granted. (ECF No. 64.) In March 2025, two and a half years after supposedly perfecting service over all three Defendants, Plaintiffs informed the Court that, due to "a clerical error and/or miscommunication," none of the Defendants had ever been properly served. (ECF No. 79.) Accordingly, Plaintiffs move the Court to set aside the entries of default, and to vacate the Court's Order granting class certification.

## II. ANALYSIS

### A. The Clerk's entries of default are vacated.

"Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). An entry of default can be set aside for "good cause shown" under Fed. R. Civ. P. 55(c). *Id.*

Here, there is no need to partake in the usual analysis for setting aside entries of default. Defendants were never properly served, and so never "failed to file a responsive answer." Since no defendant was ever in default, entries of default were improper and must be set aside.

### B. The Court's Order granting class certification is vacated.

Plaintiffs move the Court to vacate its Order granting their Motion to Certify Class. The Court construes this request as a Motion for Reconsideration.

"District courts have the authority under common law and Rule 54(b) to reconsider interlocutory orders . . . before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Courts will reconsider interlocutory orders where there is, among other things, new

2

evidence available or where there is a need to correct clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). A district court's order granting class certification is interlocutory. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 302 F.R.D. 448, 459 (N.D. Ohio 2014).

Because Defendants were never properly served in this case, the Court never established personal jurisdiction over them. "If a court lacks personal jurisdiction over a party . . . [it] is 'powerless to take further action' against that party." *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1070 (S.D. Ohio 2022) (Cole, J.) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)). The Court did not have authority to certify a class of plaintiffs against Defendants, so the Order granting the Renewed Motion to Certify Class must be **VACATED**. In light of this new information, Plaintiffs' Renewed Motion to Certify Class is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (ECF No. 79) is **GRANTED**. The Entries of Default against Defendants Everything Is In Stock, LLC, United Debt Settlement, LLC, and Gabriel Gorelik are **VACATED**. The Order granting Plaintiffs' Renewed Motion to Certify Class is **VACATED**. Plaintiffs' Renewed Motion to Certify Class is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3